IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:19-CR-99

ANTHONY ROBINSON

**ORDER**

On December 13, 2019, this Court, during a telephonic conference with the parties, sustained Anthony Robinson's objection to the government's Proposed Jury Instruction G-1. This order memorializes that ruling.

**I
Procedural History**

On July 24, 2019, Anthony Robinson was named in an indictment charging four counts of cyber stalking. Doc. #1. Each count of the indictment alleged that Robinson engaged in a course of conduct that placed a person "in reasonable fear of death and serious bodily injury and caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to [the person], all in violation of Title 18, United States Code, Section 2261A(2)(A)." *Id*. at 5–7.

Approximately one month later, Robinson was charged in a superseding indictment which, in addition to the four counts of cyber stalking, charged one count of unlawful possession of a firearm, and one count of unlawful possession of ammunition. Doc. #19. The superseding indictment did not alter the language of the cyber stalking counts. *See id*. at 5–7.

On December 9, 2019, one week before trial, the parties, at the Court's direction, submitted proposed jury instructions. The government submitted Proposed Instruction G-1, among others. Proposed Instruction G-1 provides, in relevant part, that to find Robinson guilty of cyber stalking, the jury must find:

*First*: That the Defendant, with the intent to harass or intimidate or injure another person or persons;

*Second*: Used any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to engage in a course of conduct; and

*Third*: There are four alternative ways to establish element three:

*Alternative One*: by that course of conduct, a person was placed in reasonable fear of death or of serious bodily injury to himself/herself.

*Alternative Two*: by that course of conduct, the defendant caused substantial emotional distress to that person.

*Alternative Three*: by that course of conduct, the defendant attempted to cause substantial emotional distress to that person.

*Alternative Four*: by that course of conduct, such conduct would reasonably be expected to cause substantial emotional distress to that person.

Robinson objected to Proposed Instruction G-1 on the ground that its submission to the jury would result in a constructive amendment of the indictment and superseding indictment. The Court requested additional briefing on the objection, which the parties provided.

## II
## Analysis

18 U.S.C. § 2261A, the cyber stalking statute, provides:

Whoever—
   …
(2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that--

(A) places that person in reasonable fear of the death of or serious bodily injury to a person, a pet, a service animal, an emotional support animal, or a horse described in clause (i), (ii), (iii), or (iv) of paragraph (1)(A); or

2

>> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A),
>
> shall be punished as provided in section 2261(b) of this title.

Robinson, relying on the rule against constructive amendments of an indictment, argues that because the indictments here charged only a violation of § 2261A(2)(A) ("Harm Provision"), which is the subsection criminalizing placing a person in reasonable fear of death or serious bodily injury, it would be improper to give an instruction allowing conviction under § 2261(A)(2)(B) ("Distress Provision"), which is the subsection relating to "substantial emotional distress." The government, relying on Federal Rule of Criminal Procedure 7(c)(2), responds that the failure to cite the Distress Provision should not preclude Proposed Instruction G-1 because the indictments alleged the fact of emotional distress and, therefore, there was no prejudice in the provision's omission. The government also contends that Robinson was on notice of a charge under the Distress Provision because both the captions of the indictments and the accompanying notice of penalties cited § 2261A broadly, rather than the specific Distress Provision. The government further points out that at Robinson's detention hearing, it referred to the fact that his victims suffered "substantial emotional distress."

Differences between an indictment and a jury instruction may result in either a "constructive amendment, which is reversible per se, [or] a variance between the indictment and proof," which requires a showing of prejudice. *United States v. Jara-Favela*, 686 F.3d 289, 299 (5th Cir. 2012). So long as the underlying facts charged in an indictment "necessarily support[]" an offense not specifically cited in the indictment, there is no constructive indictment in giving a jury instruction on the offense. *See United States v. Hui Hsiung*, 778 F.3d 738, 757–58 (9th Cir. 2015) ("[T]here was no constructive amendment because the facts in the indictment necessarily

supported the domestic effects claim …."). Rather, when there is no insufficiency in the facts alleged, a missing or incorrect citation is properly characterized as a variance for which a defendant must show that he was misled to his prejudice. *See* Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."); *United States v. Luis*, 418 F.2d 439, 440 (5th Cir. 1969).

Here, to the extent both indictments expressly allege facts related to substantial emotional distress, the distinction between the indictments and Proposed Instruction G-1 is properly characterized as a variance. Accordingly, Robinson's objection depends on a showing that he was misled to his prejudice. The prejudice inquiry turns on whether a defendant was on notice that he was charged with the relevant offense, in other words, that he was not "misled" by the error or omission, *see Huizar v. United States*, 339 F.2d 173, 174 (5th Cir. 1964) (no prejudice where "each count of the indictment adequately apprised the defendant of the offense with which he was charged …."); and, if misled, whether the confusion impacted his "defense strategy," *United States v. Sarbello*, 985 F.2d 716, 719 (3d Cir. 1993). Thus, courts have found no prejudice where the facts alleged in the indictment "clearly" detailed a violation of the instructed charge rather than an incorrectly cited statute;[1] or the defendant was informed in subsequent pleadings of the charge to be instructed.[2]

The Court has not found, and no party has cited, a case dealing with the precise issue here, where an indictment includes factual allegations violative of two separate provisions of the same statute but specifically cites only a single provision as the offense charged. The apparent election

---

[1] *United States v. Karmue*, 841 F.3d 24, 29–30 (1st Cir. 2016); *see also United States v. Perez*, 457 F.2d 555, 559 (6th Cir. 1972); *United States v. Guerra*, 398 F. Appx. 14 (5th Cir. 2010).

[2] *United States v. Malicoate*, 531 F.2d 439, 440 (10th Cir. 1975).

of a single provision is substantively different from a patently incorrect citation or a simple omission because, unlike the case of a missing or incorrect statute, it provides a defendant no reason to suspect he may be charged for a crime beyond the specifically cited provision. Under such circumstances, the indictment is properly deemed misleading even where, as here, the caption of the indictment and the associated notice of penalties contain a general reference to the statute as a whole. *See generally United States v. Kennington*, 650 F.2d 544, 546 (5th Cir. 1981) (specific citation to statute in body of indictment controlled over general reference in caption).

The misleading nature of the indictment is confirmed by Robinson's counsel's representation that Robinson, who has been actively assisting in his defense, carefully reviewed the indictments and was preparing his defense based on the assumption that he had to defend only against 18 U.S.C. § 2261A(2)(A). Further supporting Robinson's confusion is the fact that Robinson raised an objection to the inclusion of the Emotional Distress provision as soon as it became clear, through the submission of Proposed Instruction G-1, that the government intended to pursue the charge. *Cf. United States v. Young*, 730 F.2d 221, 225 (5th Cir. 1984) (finding sufficient notice where defendant received notice of government investigatory report but did not move to continue or seek a bill of particulars). Thus, for these reasons, the Court finds the indictments' omissions of the Distress Provision to be misleading. The Court also finds that, to the extent the Distress Provision and the Harm Provision contain different elements, the misleading nature of the indictments, which was only revealed one week before trial,[3] would necessarily impact defense strategy. In this sense, the indictments misled Robinson to his prejudice.

---

[3] Though the government points out that it referenced emotional distress at Robinson's detention hearing, it offers no authority as to how this reference would have placed Robinson on notice that the scope of the charge was broader than the indictments. Because the focus of a detention hearing is patently different from charges in an indictment, any reference to emotional distress at Robinson's detention hearing is irrelevant to the present issue.

## III
## Conclusion

For the reasons above, Robinson's objection to Proposed Instruction G-1 is **SUSTAINED**.

**SO ORDERED**, this 13th day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**