IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:19-CR-99

ANTHONY ROBINSON

**ORDER**

Anthony Robinson seeks a "mistrial" following his jury conviction for cyber stalking and unlawful possession of a firearm. Because the Court intends to construe Robinson's filing as a motion for relief pursuant to 28 U.S.C. § 2255, Robinson will be given an opportunity to withdraw or amend the motion.

**I
Background**

On July 24, 2019, Anthony Robinson was indicted on four counts of cyber stalking. Doc. #1. Approximately one month later, Robinson was charged in a superseding indictment with four counts of cyber stalking (Counts One through Four), one count of unlawful possession of a firearm (Count Five), and one count of unlawful possession of ammunition (Count Six). Doc. #19. Each cyber stalking count alleged Robinson engaged in a course of conduct that placed a person "in reasonable fear of death and serious bodily injury and caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to [the person], all in violation of Title 18, United States Code, Section 2261A(2)(A)." *Id.* at 5–7.

A jury convicted Robinson on Counts Four and Five of the superseding indictment on December 19, 1919. Doc. #48. On May 20, 2020, the Court sentenced Robinson on Count Four to thirty-six months imprisonment and three years supervised release, and on Count Five to twenty-

four months imprisonment and three years supervised release, to run concurrently.[1]  Doc. #69 at 2, 3.  The Fifth Circuit Court of Appeals affirmed the judgment of conviction on December 28, 2020.  Doc. #83.

> On or about July 1, 2021, Robinson submitted a pro se motion which states in its entirety:
>
> Anthony Robinson was tried by a jury and convicted of cyberstalking – emailing people who were facing charges in a civil lawsuit filed by Robinson.
>
> For a reversal of his conviction, Robinson argues that the government failed to reach the burden of proof that he intended the <u>accusers</u> bodily harm to the point of death.
>
> Robinson also argues that his Sixth Amend[ment] right was not upheld when he was not allowed witnesses to to [sic] testify on his behalf; and when he was not appointed a new attorney when his public defender was withdrawn.
>
> Robinson argues that his Fourth Amend[ment] right was violated when he was arrested, had his home, searched, and was denied due process of law all for suspicion of what he might've done when his civil lawsuit was dismissed.
>
> It was already established way back in December of 2015 and again in July 2019, days before my arrest, that I intended no one any harm when I was writing to the courts and when I was emailing the people I was suing.
>
> The District Court erred when it did not let the jury hear the recording of the interview of the defendant by the U.S. Marshal.
>
> The court also erred when it sentenced the defendant in a district court based on false information.
>
> Robinson was also tried by a jury and found guilty of possession of a firearm as a convicted felon. Robinson was not carrying a gun at the time of his arrest nor was he an owner of a gun.
>
> Robinson's criminal background contains no evidence to suggest that he is a violent person. His prior felonious charge was fleeing law enforcement in 2013. It has been documented and the district court know [sic] that Robinson was provoked by an undercover officer, once again based on suspicion.
>
> Here now is the truth so help me God. Having no counsel to speak for me, the defendant in USA v. Robinson move [sic] to have the court declare it a <u>mistrial</u>.

---

[1] On the government's motion, the original indictment against Robinson was dismissed.  Doc. #66.

Doc. #94 (footnotes and internal citations omitted). Attached to the motion are a three-page excerpt of *Morton v. Crews*, No. 10-148, 2012 WL 1410252 (E.D. Ky. Mar. 27, 2012),[2] with handwritten comments at the end, and what appears to be two June 2021 e-mails from Robinson to, respectively, "Psychology" and "Units 4, 5 & 6." *Id.* at PageID 1013–17.

## II
## Analysis

It is unclear under what rule or statute Robinson brings his motion since he cites neither in the motion. "When reviewing a pro se litigant's filings, it is the substance of the relief sought by the pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of the habeas filing." *United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021).

Here, the only relief Robinson seeks is to have his trial "declared a mistrial." Doc. #94 at 3. But because over eighteen months passed between Robinson's conviction and the filing of his motion and because Robinson does not present any newly discovered evidence to support his arguments for relief, his deadline to file a motion for a judgment of acquittal or a new trial has long since expired. *See* Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."); Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."). And Robinson's conviction was already affirmed by the Fifth Circuit. Doc. #83. Accordingly, the Court concludes Robinson's motion should be construed as one seeking post-conviction relief pursuant to 28 U.S.C. § 2255.[3]

---

[2] The *Morton* cite is to a magistrate judge's Report and Recommendation recommending the denial of Morton's habeas corpus petition under 28 U.S.C. § 2254.

[3] Though Robinson has been released from prison, he is currently serving his concurrent terms of supervised release. *See Goyal v. United States*, 103 F. Supp. 2d 802, 804 (D.N.J. 2000) ("Although Goyal is not in prison, a person subject to supervised release is a 'prisoner in custody' within the meaning of § 2255, thus this court has jurisdiction.").

Such "recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a second or successive (but not upon a first) federal habeas motion." *Castro v. United States*, 540 U.S. 375, 377 (2003). To prevent this potential harm to the movant, before recharacterizing a pro se motion as a first § 2255 motion, a court must "inform[] the litigant of its intent to recharacterize, warn[] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's second or successive restrictions, and provide[] the litigant with an opportunity to withdraw, or to amend, the filing." *Id.*

This Court has determined that recharacterization is appropriate here. In accordance with *Castro*, Robinson, through this order, is (1) notified of the Court's intent to recharacterize his motion as a § 2255 motion; (2) warned that such recharacterization will subject his motion to the restrictions on second or successive petitions; and (3) allowed a period of time to either withdraw or amend his motion.

### III
### Conclusion

Because the Court intends to construe Robinson's pro se motion as a motion for relief pursuant to 28 U.S.C. § 2255, Robinson, no later than May 17, 2022, must either (1) withdraw his motion; (2) submit an amended motion with all his § 2255 claims; or (3) inform the Court he wishes to proceed on the motion as filed.

**SO ORDERED**, this 25th day of April, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**