IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

V.                                                                  NO. 3:19-CR-99
                                                                                    (NO. 4:21-CV-144)

**ANTHONY ROBINSON**

## OPINION AND ORDER

Anthony Robinson collaterally attacks under 28 U.S.C. § 2255 his convictions for cyber stalking and unlawful possession of a firearm. Because Robinson failed to raise any of his claims on appeal, failed to show cause for such failure, and has not shown his counsel was ineffective, relief is not warranted.

### I
### Procedural History

On July 24, 2019, Anthony Robinson was indicted on four counts of cyber stalking. Doc. #1. Approximately one month later, Robinson was charged in a superseding indictment with four counts of cyber stalking (Counts One through Four), one count of unlawful possession of a firearm (Count Five), and one count of unlawful possession of ammunition (Count Six). Doc. #19. Each cyber stalking count alleged Robinson engaged in a course of conduct that placed a person "in reasonable fear of death and serious bodily injury and caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to [the person], all in violation of Title 18, United States Code, Section 2261A(2)(A)." *Id.* at 5–7.

A jury convicted Robinson on Counts Four and Five of the superseding indictment on December 19, 2019. Doc. #48. On May 20, 2020, the Court sentenced Robinson on Count Four to thirty-six months imprisonment and three years supervised release, and on Count Five to twenty-

four months imprisonment and three years supervised release, to run concurrently.[1] Doc. #69 at 2, 3. The Fifth Circuit Court of Appeals affirmed the judgment of conviction on December 28, 2020. Doc. #83.

On or about July 1, 2021, Robinson submitted a pro se motion to have the Court "declare … a mistrial." Doc. #94. Because it was "unclear under what rule or statute Robinson br[ought] his motion," the Court notified Robinson of its intent to construe the motion "as one seeking post-conviction relief pursuant to 28 U.S.C. § 2255." Doc. #99. Warning Robinson that "recharacterization will subject his motion to the restrictions on second or successive petitions," the Court allowed Robinson "a period of time to either withdraw or amend his motion." *Id.* at 4.

Within the time allowed, Robinson submitted an "Amended Motion" by e-mail. Doc. #103. The initial motion was refiled specifically as a motion to vacate. *See* Doc. #104.[2] The Court ordered the government "to respond to the initial motion and its amendment by filing an answer, motion, or other response" no later than October 20, 2022. Doc. #105. The government filed a timely response. Doc. #108. Robinson did not reply.

## II
## Standard of Review

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A § 2255 motion requires an evidentiary hearing unless either (1) the

---

[1] On the government's motion, the original indictment against Robinson was dismissed. Doc. #66.

[2] A separate civil proceeding—No. 4:21-cv-144—was opened by the Clerk of Court. All citations in this order are to the criminal case.

movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019).

### III
### Analysis

In his initial motion, Robinson challenges his cyber stalking conviction by arguing that (1) "the government failed to reach the burden of proof that, he intended the accusers bodily harm to the point of death;" (2) "his Sixth Amend. right was not upheld when he was not allowed witnesses to testify on his behalf; and when he was not appointed a new attorney when his public defender was withdrawn;" (3) "his Fourth Amend. right was violated when he was arrested, at his home, searched, and was denied due process of law all for suspicion of what he might've done when his civil lawsuit was dismissed;" (4) the Court "erred when it did not let the jury hear the recording of the interview of the defendant by the U.S. Marshal;" and (5) the Court "also erred when it sentenced [him] … based on false information." Doc. #94 at 1–2. With respect to his unlawful possession of a firearm conviction, he argues that he "was not carrying a gun at the time of his arrest nor was he an owner of a gun." *Id.* at 3. Robinson repeats many of the same arguments in his amended motion and additionally argues (1) "the US Marshal that testified … gave the jury false and misleading information;" (2) his "detention hearing and trial judges should have been recused from hearing [his] case due to a conflict of interest" based on his civil lawsuit against Hamilton Beach Brands Inc.; (3) the denial of bail at his detention hearing was an abuse of discretion; and (4) the "government used a false report to the local authorities … to build a case against [him]." Doc. #103.

The government responds that all of the issues related to pretrial, trial, and sentencing "could have been resolved on direct appeal" but because Robinson failed to raise them in his

3

appeal, they are now procedurally defaulted. Doc. #108 at 5. It argues that "Robinson's failure to show cause for his procedural default and inability to show actual prejudice preclude this action." *Id.* With respect to the due process claim, the government argues Robinson "has failed to show that he was denied due process" because he "was appropriately represented in pretrial matters." *Id.* at 8. The government submits that "[t]here was no impediment to Robinson calling witnesses on his own behalf" because he did call two witnesses—himself and his mother—and he "failed to indicate who he would have called if he had the opportunity and what testimony would have been provided to change the outcome of the trial." *Id.* With respect to his representation, the government states that the Federal Public Defender was appointed to represent Robinson two days after he was indicted, maintained that representation throughout trial and his appeal, and was only allowed to withdraw over seven weeks after the Fifth Circuit entered judgment so he "had competent legal counsel during the entire pendency of this matter – from inception to appellate conclusion." *Id.* at 9. To the extent Robinson's claims can be interpreted as raising an ineffective assistance of counsel claim, the government argues Robinson "has not identified any egregious conduct by his counsel to warrant a further inquiry." *Id.* at 10.

### A. Procedural Default

"A movant is barred from raising … constitutional claims for the first time on collateral review unless he demonstrates … cause for failing to raise the issue on direct appeal and … actual prejudice resulting from the error." *Allen*, 918 F.3d at 460. To show cause, a petitioner must "establish[] that some objective factor external to the defense prevented him from raising the claim." *United States v. Reedy*, 393 F. App'x 246, 247 (5th Cir. 2010) (internal quotation marks omitted) (citing *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996)). Where a petitioner fails to show cause, courts do not need to address prejudice. *United States v. Scruggs*, 714 F.3d

4

258, 265 (5th Cir. 2013).

Alternatively, a petitioner may overcome the procedural bar by showing "that he is actually innocent." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "The Supreme Court has stressed that actual innocence means factual innocence, not mere legal insufficiency. In other words, the movant must show, by the required level of convincingness, that no reasonable juror would have convicted him of the substantive offense." *United States v. Vargas-Soto*, 35 F.4th 979, 999 (5th Cir. 2022) (cleaned up) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The petitioner must present "new evidence that did not exist at the time of conviction and sentencing." *Id.*

In his appeal, Robinson only argued "that the district court failed to provide an explanation of the sentence sufficient to indicate that it had considered his mitigating argument related to COVID-19 and that such failure amounted to reversible procedural error." *United States v. Robinson*, 830 F. App'x 450, 450 (5th Cir. 2020) (per curiam). Because he did not raise any of his current claims on appeal, they are procedurally defaulted. *Allen*, 918 F.3d at 460. And Robinson makes no representations why he could not raise his claims on appeal to establish cause for the default. Nor does he present any new evidence to support that he is actually innocent of the crimes of conviction. Robinson has thus failed to overcome the procedural bar and § 2255 habeas relief is not warranted.

### B. Ineffective Assistance of Counsel

Although not argued by Robinson, "[i]neffective assistance of counsel … is cause for a procedural default." *United States v. McGrew*, 560 F. App'x 342, 345 (5th Cir. 2014) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To the extent Robinson's motion can be construed to assert an ineffective assistance claim, it is without merit.

5

> To succeed on his ineffective assistance claim, [a petitioner] must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and that (2) there is a reasonable probability that prejudice resulted. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. So mere disagreement about tactics does not amount to a constitutional infirmity.

*Allen*, 918 F.3d at 460–61 (cleaned up). "If the petitioner fails to prove the prejudice component, the court need not address the question of counsel's performance." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).

The only action of his counsel Robinson seems to challenge is the failure to call unidentified witnesses. Doc. #94 at 1–2; Doc. #103.

> [The Fifth Circuit] has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.

*Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (cleaned up). Because Robinson wholly fails to identify the witnesses he contends his counsel should have called or otherwise satisfy these requirements, he has not shown his counsel's performance was objectively unreasonable. And because his failure to do so "does not permit the Court to examine whether counsel's failure prejudiced [him]," he has also failed to show prejudice. *Id.* at 540. Accordingly, he is not entitled to § 2255 habeas relief based on ineffective assistance of counsel.

### C. Evidentiary Hearing

"Conclusory allegations, unsubstantiated by evidence, do not support a request for an evidentiary hearing. A defendant is entitled to an evidentiary hearing on his § 2255 motion only if

6

he presents independent indicia of the likely merit of his allegations." *United States v. Saldivar*, 811 F. App'x 264, 265 (5th Cir. 2020) (cleaned up) (quoting *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013)). Because Robinson has presented only his conclusory allegations without any supporting evidence, a hearing in this matter is not necessary.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

Robinson's motion [94], as amended [103] and refiled [104], is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED**, this 27th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**